**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

| | |
|---|---|
| PAUL BRENT and PAUL BRENT DESIGNER, INC., ) ) ) Plaintiffs, ) ) v. ) ) EN VOGUE ART ON TILES, ) CONTINENTAL ART CENTER INC., ) FLAME ENTERPRIZE D/B/A FLAME ) TILES, HOME DECOR GOODS, ) DYNASTY TILE, and AMAZON.COM ) Inc., ) ) Defendants. ) ) | Civil Action No. 5:13-cv-00229-RS-CJK |

**"FLAME TILES's" MOTION TO DISMISS AND MOTION TO SEVER
WITH INCORPORATED MEMORANDUM OF LAW**

COME NOW the owners of Defendant, which is a fictitious name "FLAME ENTERPRIZE D/B/A FLAME TILES" but not a legal entity, by and through the undersigned attorney, pursuant to Rules 4, 12(b), 17, and 21, and move this Honorable Court to DISMISS the claims against Flame Tiles as named for lack of capacity to be sued; SEVER the action; and DISMISS the claims for failure to state a cause of action.

**I. Plaintiff has failed to properly identify the correct legal entity as a Defendant, and Flame Tiles does not have legal capacity to be sued.**

First, a few things are wrong with the way Plaintiffs have named Flame Enterprize d/b/a Flame Tiles and designated it as a party in the complaint (Doc. 1) and the summons (Doc. 4). Most importantly, Flame Enterprize or Flame Tiles is not a legal

entity and therefore lacks the legal capacity to be sued. Furthermore, the complaint fails to show whether Flame Tiles has the legal capacity to be sued. Third, the summons, being issued to a non-legal entity, is invalid.

In their complaint, Plaintiffs allege that FLAME ENTERPRIZE D/B/A FLAME TILES "is a California business entity" but do not specify not what type of business entity. Such specificity is required to show capacity to sue and to ensure that the correct party has been identified. If Plaintiffs are unsure who the correct party is, they should say so in the complaint.

Furthermore, and more importantly, Flame Tiles, as an entity, lacks the capacity to be sued. It is not a person or a corporation but rather a fictitious name registered within Orange County, California.

Rule 17(b)(3), Federal Rules of Civil procedure, provides in relevant part that "Capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."

A "fictitious name" is not a legal entity. In Florida,[1] a fictitious name "means any name under which a person transacts business in this state, other than the person's legal name." Fla. Stat. § 865.09(2)(a). Even where "a person has registered the fictitious name, he must sue or defend as a natural person

---

[1] Even if the law of California were decisive, the complaint would still be

or corporation," rather than the fictitious name. Trawick, Fla. Prac. & Proc. § 4:6 (2012 ed.). "Entering a judgment against a nonparty is fundamental error." *Norville v. Bellsouth Adver. & Pub. Corp.*, 664 So.2d 16 (Fla. Dist. Ct. App. 1995) (citations omitted).

Because Flame Tiles is not a real person, it cannot defend the lawsuit. Rather, Plaintiffs are required to correctly identify the party to the lawsuit so that the owners of Flame Tiles can properly defend same.

Therefore, Plaintiffs should be required to amend their complaint to correctly name Flame Tiles, and should also be required to name Flame Tiles correctly on a summons.

## II. Motion to Sever for Improper Joinder

Next, because the Defendants are improperly or imprudently joined, the action should be severed.

To establish joinder, under Rule 20(a)(2), Plaintiff must establish:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and**
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). A Court may "drop" or "sever any claim against" a party if it finds misjoinder. Fed. R. Civ. P. 21(b). In the instant case, continued joinder

of all 6 Defendants is improper because the causes of action within the complaint do not arise of out the same transaction, occurrence, or series of transactions of occurrence, as required by Rule 20(a)(2)(A). Furthermore, it is not even certain that the same questions of law or fact are common to all defendants.

Although the alleged methods of infringements, assumed date and time of infringements, and alleged subject Works all differ, Plaintiffs have combined all defendants in the same causes of action and sought the same plea for relief against them. By grouping five defendants from the West Coast of the United States with only one Defendant in the Plaintiff's home state of Florida (Compl. ¶¶ 1-8), Plaintiffs have effectively bypassed not only paying a different filing fee for each Defendant but also the need of finding local counsel and filing lawsuits in the other Defendants' home states of California (Compl. ¶¶ 3-5), Arizona (Compl. ¶ 6), and Washington (Compl. ¶ 8). The reason suits would have to be filed in different states is because venue for claims asserted under the Copyright Act is determined *not* by the general provision governing suits in the federal district courts, but rather by the Copyright Act itself, which requires that a civil suit to enforce a copyright be brought in where "the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a) (cited by *Nu Image, Inc. v. Does 1-23,322*, 11-cv-00301(RLW), 2011 WL 3240562 (D.D.C. 2011)).

The only thing that appears to be similar is the allegation

that defendants have allegedly infringed upon Plaintiffs' copyrights by selling allegedly infringing goods. (Compl. ¶ 29.) There is no allegation that the Defendants acted in concert in effecting such sales, or that the sales took place at the same time or place. Furthermore, specific details are missing as to how and where exactly the alleged infringements occurred, the dates they occurred, and more. However, regardless of whether Defendants allegedly sold the same type of product, the fact that they "are members of a common industry is not sufficient to satisfy the requirement that the right to relief against all Defendants arises out of the same transaction or occurrence." *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002) *dismissed,* CV00-11248-SVW(RZX), 2002 WL 31681865 (C.D. Cal. Mar. 6, 2002).

As shown on the face of the complaint: En Vogue allegedly committed infringements "through its website" at entiles.com or amazon.com (Compl. ¶ 31); Amazon and Continental allegedly committed infringements "through Amazon.com" (Compl. ¶ 32); En Flame allegedly committed infringements "through its website" at flametiles.com (Compl. ¶ 33); Home Décor allegedly committed infringements "through its website" at homdecorgifts.weebly.com (Compl. 34); and Dynasty allegedly committed infringements "through its website," dynastytile.com. With the possible exception of Amazon and Continental, there is no allegation that the Defendants acted together in any way. Therefore, with the

possible exception of Amazon and Continental, the transactions for each Defendant occurred through a different manner or place, and, most likely, at a different time (the dates and times of infringement are not pleaded). Therefore, the factual issues are different, and each Defendant is likely to have different factual defenses. Therefore, the Defendants could not have engaged in the same transaction, occurrence, or series of transactions or occurrences.

Making joinder even further inappropriate, in addition to the manners of infringement being different, the allegedly infringed subject works also differ among the Defendants. The allegedly infringed works, as shown on the face of the complaint, matched with the defendant(s) at issue, are:

| **Subject Work** | **Allegedly Infringed by:** |
| --- | --- |
| Flamingo Paradise Flight #1134 | Amazon<br>Continental<br>Home Decor |
| Flip Flops Border | En Vogue<br>Flame |
| Front Row Seats #1421 | En Vogue |
| King Angel Fish #1280 | En Vogue<br>Flame |
| Turtle Friend #1392 | En Vogue<br>Amazon<br>Continental<br>Flame |
| 1076 Yellow Angel | En Vogue<br>Flame |

| | |
|---|---|
| 1119 Scarlet Macaw | Flame |
| 1138 Flamingo Paradise Repose | Home Décor |
| 1419 Seahorse Lagoon | En Vogue<br>Flame |
| 1422 Umbrella Beach | Flame |
| 1495 Seafriends Octopus | Amazon<br>Continental<br>Home Decor |
| 1498 Seafriends Seahorse | Home Decor |
| 1503 Vintage Wine | En Vogue<br>Amazon<br>Continental<br>Flame<br>Home Décor<br>Dynasty Product |
| 1136 Paradise Macaw | En Vogue |
| 1119 Scarlet Macaw | En Vogue<br>Flame |
| 04074 Abstract Sax | En Vogue |

As is shown from the above chart, each Defendant is alleged to have infringed upon different works. For example, while one work, *1119 Scarlet Macaw*, is allegedly infringed by only Flame, another, *1136 Paradise Macaw*, is allegedly infringed by only En Vogue. As these alleged infringements each originate from a different point of salea, occurred at a different time, and involved different works, they cannot constitute the same transaction or occurrence leading to joint and several liability — or permissive joinder. Therefore, as the allegations as to each Defendant, with the possible exception of Amazon and

Continental, involve different transactions or occurrences, these Defendants should be severed.

Furthermore, continued joinder would require each Defendant do incur significant costs in reviewing and responding to multiple court documents and pleadings, conducting discovery, and more, and would be patently unfair to the Defendants. Thus, despite that this grouping of defendants may be more convenient to Plaintiffs, who reside in Florida, it will be much more costly to the Defendants, including Flame Tiles, who are located outside the state of Florida and more than 2000 miles away. Therefore, the Court should sever the action.

### III. Count I should be dismissed for failure to state a cause of action

Dismissal is further proper, pursuant to Rule 12(b)(6), for failure to state a cause of action, or, pursuant to Rule 12(e), for more definite statement.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Ruiz v. Kinsella,*

770 F.Supp.2d 936, 941-42 (N.D.Ill. 2011) (citing *Twombly,* 550 U.S. at 555). In ruling on such a motion, the question is whether the facts, accepted as true, "present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir.2010).

Plaintiffs' First Claim fails to state a cause of action, or in the alternative, requires a more definite statement, for several reasons.

First, it fails to specify the date(s) of alleged infringement. Copyright infringement claims are governed by a three-year statute of limitations. 17 U.S.C. § 507(b). Without knowing the alleged date(s) of infringement, it is impossible to determine whether the statute of limitation defense applies.

Next, the First Claim is pleaded in a bit of a confusing manner in that it contains allegations not necessarily pertaining to Flame Tiles. For example, Paragraph 41 appears to pertain to only Amazon, En Vogue, and Continental. Furthermore, as stated above in the section on improper joinder, as the occurrences of alleged infringement appear to differ, it is not entirely clear which paragraphs do pertain to Flame Tiles.

Next, it is difficult to determine exactly what right under the Copyright Act Plaintiffs are suing for: Reproduction, preparation, distribution, or display. Such clarity is necessary for Defendant to craft a defense. Furthermore, different rights contain different elements which must be

pleaded with sufficient facts. For example, "'distribution' is a term of art under the Copyright Act that requires more than the an allegation that the documents changed hands. First, the statute requires distribution 'to the public,' which typically is interpreted to mean a general distribution." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 891 F. Supp. 2d 995, 1001 (N.D. Ill. 2012) (*See* 2-8 *Nimmer,* § 8.11(C)(1)(b) and n. 139 (noting that "a distribution made to a limited group for a limited purpose and not to the public at large" does not infringe the distribution right)).

**IV. All other Claims are Preempted by the Copyright Act**

Next, Plaintiffs' state law claims — Second, Third, Fourth Claims — all fail to state a cause of action because they are preempted by the Copyright Act.

First, Plaintiffs' claim for "Accounting" is improperly pleaded in that it cites to the Copyright Act as its basis. However, an equitable claim for accounting is governed by state law, not the Copyright Act, and no such claim exists under the Act. *See, e.g.*, *Lynn v. Sure-Fire Music Co., Inc.*, 237 F. App'x 49, 54 (6th Cir. 2007) ("A request for an accounting of amounts at issue in a common law breach of contract case is uniquely a state law claim and it is neither a right nor a remedy conferred by the Copyright Act"); *Goodman v. Lee*, 78 F.3d 1007, 1013 (5th Cir. 1996) (citations omitted) ("Nowhere in the [Copyright] Act, however, do its provisions detail any action available to a co-

pleaded with sufficient facts. For example, "'distribution' is a term of art under the Copyright Act that requires more than the an allegation that the documents changed hands. First, the statute requires distribution 'to the public,' which typically is interpreted to mean a general distribution." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 891 F. Supp. 2d 995, 1001 (N.D. Ill. 2012) (*See* 2-8 *Nimmer,* § 8.11(C)(1)(b) and n. 139 (noting that "a distribution made to a limited group for a limited purpose and not to the public at large" does not infringe the distribution right)).

**IV. All other Claims are Preempted by the Copyright Act**

Next, Plaintiffs' state law claims — Second, Third, Fourth Claims — all fail to state a cause of action because they are preempted by the Copyright Act.

First, Plaintiffs' claim for "Accounting" is improperly pleaded in that it cites to the Copyright Act as its basis. However, an equitable claim for accounting is governed by state law, not the Copyright Act, and no such claim exists under the Act. *See, e.g.*, *Lynn v. Sure-Fire Music Co., Inc.*, 237 F. App'x 49, 54 (6th Cir. 2007) ("A request for an accounting of amounts at issue in a common law breach of contract case is uniquely a state law claim and it is neither a right nor a remedy conferred by the Copyright Act"); *Goodman v. Lee*, 78 F.3d 1007, 1013 (5th Cir. 1996) (citations omitted) ("Nowhere in the [Copyright] Act, however, do its provisions detail any action available to a co-

pleaded with sufficient facts. For example, "'distribution' is a term of art under the Copyright Act that requires more than the an allegation that the documents changed hands. First, the statute requires distribution 'to the public,' which typically is interpreted to mean a general distribution." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 891 F. Supp. 2d 995, 1001 (N.D. Ill. 2012) (*See* 2-8 *Nimmer,* § 8.11(C)(1)(b) and n. 139 (noting that "a distribution made to a limited group for a limited purpose and not to the public at large" does not infringe the distribution right)).

**IV. All other Claims are Preempted by the Copyright Act**

Next, Plaintiffs' state law claims — Second, Third, Fourth Claims — all fail to state a cause of action because they are preempted by the Copyright Act.

First, Plaintiffs' claim for "Accounting" is improperly pleaded in that it cites to the Copyright Act as its basis. However, an equitable claim for accounting is governed by state law, not the Copyright Act, and no such claim exists under the Act. *See, e.g.*, *Lynn v. Sure-Fire Music Co., Inc.*, 237 F. App'x 49, 54 (6th Cir. 2007) ("A request for an accounting of amounts at issue in a common law breach of contract case is uniquely a state law claim and it is neither a right nor a remedy conferred by the Copyright Act"); *Goodman v. Lee*, 78 F.3d 1007, 1013 (5th Cir. 1996) (citations omitted) ("Nowhere in the [Copyright] Act, however, do its provisions detail any action available to a co-

owner for an accounting. Instead . . . such an action is governed by state law"); *Korman v. Iglesias*, 736 F. Supp. 261, 265 (S.D. Fla. 1990) (citing *Oddo v. Ries,* 743 F.2d 630, 633 (9th Cir. 1984) (Copyright "authors must have common law remedies for accounting, and the Copyright Act makes no such provision")).

Now having established that the claim for "Accounting" is actually a state claim, albeit improperly pleaded, it and the other two state law claims fail because they are preempted by the Copyright Act. "[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by [S]ection 106 ... are governed exclusively by" the Copyright Act. 17 U.S.C.A. § 301. "As such, the Copyright Act preempts a claim premised entirely on allegations of copying, without any additional elements required to collect." *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, 8:11-CV-00432-EAK, 2011 WL 2709882 (M.D. Fla. July 12, 2011) (citing *MGB Homes, Inc. v. Ameron Homes, Inc,* 903 F.3d 1486, 1494 (11th Cir. 1990)) (applying this principle to a FDUTPA claim). *See also Millennium Travel & Promotions, Inc. v. Classic Promotions & Premiums, Inc.*, 608-CV-290-ORL-28KRS, 2008 WL 2275555 (M.D. Fla. June 2, 2008) (when the only deceptive or unfair practices alleged are improper copying or distribution of a copyrighted work, a claim for FDUTPA is preempted by the Copyright Act); *Ctr. for Transp. & the Env't, Inc. v. Georgia*

*Aquarium, Inc.*, CIV.A.1:05CV2790-CAP, 2006 WL 278389 (N.D. Ga. Feb. 1, 2006) (preempting unjust enrichment claim) (citations omitted).

"The Eleventh Circuit has adopted a two-prong test for considering a preemption issue. First, the Court must decide whether the rights at issue fall within the subject matter of copyright set forth in the Copyright Act. Second, the Court must determine whether the rights at issue are equivalent to the exclusive rights set forth in the Copyright Act." *Pena-Rivera v. Editorial Am. S.A.*, 96-1437-CIV, 1997 WL 363975 (S.D. Fla. May 5, 1997) (citing *Donald Frederick Evans and Assocs., Inc. v. Continental Homes, Inc.,* 785 F.2d 897 (11th Cir.1986) (other citations omitted) (preempting counts for, among other things, unfair trade practices, accounting, and unjust enrichment).

In this case, because the subject matter at issue coincides entirely with Plaintiffs' copyright claim, and because the rights at issue are equivalent to same, all three state law claims must fail.

## V. Conclusion

In summary, dismissal is proper for the foregoing reasons, as is severing the action.

WHEREFORE, the owners of named Defendant "FLAME ENTERPRIZE D/B/A FLAME TILES," which is a non-entity, respectfully ask this Honorable Court to enter an order GRANTING this motion and:

1. DISMISSING Flame Tiles as a party for lack of capacity;

2. Finding the Defendants improperly joined and SEVERING this action;

3. DISMISSING Count I, Copyright Infringement, for failure to state a cause of action, or, in the alternative, requesting a more definite statement;

4. DISMISSING all other claims for reason of preemption by the Copyright Act;

5. AWARDING the owners of Flame Tiles their reasonable attorney fees incurred in the filing of this Motion, pursuant to the Copyright Act and/or FDUPTA, as prevailing party; and

6. Any other relief as is just and proper.

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

I, the undersigned attorney, hereby certify, pursuant to Local Rule 7.1(B), that on September 20, 2013, prior to filing this motion I telephoned attorneys for Plaintiff, and we were unable to come to a resolution, except that the Plaintiffs may be able to reach a resolution, such as through an amendment, as to the issues of properly naming the Defendant or providing a more definite statement.

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012

**ATTORNEY'S CERTIFICATE OF SERVICE**

I hereby certify that on **September 20, 2013**, I served a copy of the foregoing on all parties as stated in the Service List that follows.

*Attorney for the Owners of named Defendant "Flame Enterprize d/b/a Flame Tiles":*

**Cynthia Conlin, P.A.**
1643 Hillcrest Street
Orlando, Florida 32803
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@CynthiaConlin.com

**Service List**

| | |
|---|---|
| Plaintiff PAUL BRENT | Served on Attorney Geremy Walden Gregory via Notice of Electronic Filing |
| Plaintiff PAUL BRENT DESIGNER, INC. | Served on Attorney Geremy Walden Gregory via Notice of Electronic Filing |
| Defendant EN VOGUE ART ON TILES | *Has not yet entered an appearance — will serve within 10 days of Defendant's entering an appearance* |
| Defendant CONTINENTAL ART CENTER INC. | Served on Attorney Edmund J. Gegan via Notice of Electronic Filing |
| Defendant HOME DÉCOR GOODS | *Has not yet entered an appearance — will serve within 10 days of Defendant's entering an appearance* |
| Defendant DYNASTY TILE | *Has not yet entered an appearance — will serve within 10 days of Defendant's entering an appearance* |
| Defendant AMAZON.COM INC. | Served on Attorneys Edmund J. Gegan and Janet Teresa Munn via Notice of Electronic Filing |